IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00613-NYW

MICHELLE STOOLE

    Plaintiff

v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Metropolitan Property and Casualty Insurance Company's ("Defendant" or "MetLife") Motion to Reconsider Court's Order Granting Partial Summary Judgment (the "Motion"). [#32]. This civil action was referred to the undersigned Magistrate Judge to preside over fully for all purposes. *See* [#15]; Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon careful review of the Motion and associated briefing, the applicable case law, and the entire docket, the court **DENIES** the Motion.

## BACKGROUND

The court discussed the background of this matter in its prior Memorandum Opinion and Order [#45], and discusses it here only as it pertains to the instant Motion. The dispute between Plaintiff Michelle Stoole ("Plaintiff" or "Ms. Stoole") and Defendant stems from Plaintiff's claim for underinsured motorist ("UIM") benefits resulting from a traffic collision between Plaintiff and a non-party, Ms. Ha Vo. Plaintiff asserted three claims against MetLife for its conduct in handling her UIM claim: (1) breach of an insurance contract ("breach of contract") ("Claim 1"); (2) common

law bad faith breach of an insurance contract ("common law bad faith") ("Claim 2"); and (3) unreasonable delay and denial of insurance benefits pursuant to Colo. Rev. Stat. §§ 10-3-1115, -1116 ("statutory bad faith") ("Claim 3"). *See generally* [#3].

On March 30, 2018, MetLife moved for summary judgment on all three of Plaintiff's claims. *See* [#32]. The undersigned granted in part and denied in part MetLife's Motion for Summary Judgment, holding that Defendant was entitled to summary judgment on Claim 2 but not on Claims 1 and 3. *See* [#45]. The court set these Claims for a five-day jury trial to commence on November 5, 2018. *See* [#48].

Defendant now seeks reconsideration of the court's denial of summary judgment as to Claim 3, arguing that the court erred in failing to consider MetLife's arguments that Plaintiff could not proffer any evidence of unreasonableness sufficient to survive summary judgment on her statutory bad faith claim. [#49 at 4–5]. The Motion is fully briefed and is ripe for disposition.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration. Because MetLife seeks reconsideration of a non-final order, its Motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts in this district have applied different standards on motions for reconsideration of non-final orders. *See United Fire & Cas. Co.*, 2010 WL 420046, at *3 (listing

cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). But as a general principle, courts may grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is not an avenue for a party to reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *See id.*; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

**ANALYSIS**

Colo. Rev. Stat. § 10-3-1115(1)(a) provides, "A person engaged in the business of insurance shall not unreasonably delay or deny payment" to an insured person. An insurer's action is unreasonable if its delay or denial of payment was without a reasonable basis. *See Turner v. State Farm Mut. Auto. Ins. Co.*, No. 13-cv-01843-MSK-BNB, 2015 WL 1297844, at *3 (D. Colo. Mar. 19, 2015) (citing Colo. Rev. Stat. § 10-3-1115(2)). Thus, the only element at issue here is whether MetLife delayed and/or denied Plaintiff's UIM benefits without a reasonable basis. *See Baker v. Allied Prop. & Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1107 (D. Colo. 2013).

Defendant argues for reconsideration because the court failed to consider its arguments that Plaintiff did not adduce any evidence of MetLife's unreasonableness sufficient to survive summary judgment, even on the claim for statutory bad faith. [#49 at 4]. That is, MetLife demonstrated that it "did everything within its power to obtain all the necessary documentation to adequately evaluate the UIM claim", that Plaintiff refused to provide relevant information from the underlying suit involving Ms. Vo, and that Plaintiff could not testify as to how MetLife acted unreasonably. *See* [*id.* at 4–5]; *see also* [#32 at 20–21; #53 at 1–2].

In its Memorandum Opinion and Order on Defendant's Motion for Summary Judgment,

3

the court held that Defendant's sole basis for summary judgment as to Plaintiff's statutory bad faith claim was that the one-year statute of limitations rendered the claim untimely. *See* [#45 at 17]. The court also noted that it appeared MetLife raised new arguments for the first time in its Reply, which the court would not consider. *See* [*id.* at 17 n.5]. Admittedly, the court did not explicitly consider whether Ms. Stoole failed to adduce sufficient evidence of unreasonableness for her statutory bad faith claim to survive summary judgment. *See* [#32 at 20–21]. But that was because Defendant did not move on that ground. Despite the passing mention of the "unreasonable delay or denial claim" in the section heading, Allstate requested only that judgment be entered in its favor on the common law bad faith claim. [*Id.* at 21 ("As such, judgment must also be entered in favor of MetLife for the *common law bad faith claim*." (emphasis added))]. In addition, the court's express consideration of the record before it does not warrant a different outcome; summary judgment in favor of Defendant remains inappropriate on Claim 3.

Like its common law counterpart, statutory bad faith claims are evaluated objectively based on industry standards. *Williams v. Owners Ins. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015); *but cf. Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 973–74 (Colo. App. 2011) (explaining the Colorado legislature's intent to create a private remedy under Colo. Rev. Stat. § 10 3-1115 that was distinct for common law bad faith claims). "These standards may be established through expert opinions or state law." *Peden v. State Farm Mut. Auto. Ins. Co.*, 841 F.3d 887, 890 (10th Cir. 2016). For instance, the Unfair Claims Settlement Practices Act ("UCSPA") may be valid, though not conclusive, evidence of industry standards. *See Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1227 (10th Cir. 2016) (citing Colo. Rev. Stat. §§ 10-3-1104(1)(h)(I)–(1)(h)(XIV)).

Based on these principles, it is not fatal to Plaintiff's statutory bad faith claim that she could

not personally testify to instances of MetLife's unreasonableness other than a valuation dispute.[1] *See MacKinney v. Allstate Fire & Cas. Ins. Co.*, No. 16-cv-01447-NYW, 2017 WL 3397361, at * 6 (D. Colo. Aug. 8, 2017) (finding that the plaintiff's inability to testify to the defendant's unreasonableness did not warrant summary judgment in favor of the defendant on the plaintiff's statutory bad faith claim). In fact, nowhere in its Motion for Summary Judgment or its Reply did MetLife argue that *Plaintiff* failed to adduce evidence of industry standards or lack of compliance with industry standards, thereby putting the onus on Ms. Stoole to establish a genuine dispute of material fact that MetLife's conduct was unreasonable as compared to industry standards. Instead, it appears that a central factual dispute is whether Allstate appropriately adjusted Plaintiff's claim. And Plaintiff's Response to the Motion for Summary Judgment contends (albeit when addressing the applicable statute of limitations) that the UCSPA "requires that carriers conduct a fair, thorough, and *prompt* investigation of an insured's UIM claim", and that it is for the jury to decide the reasonableness of Defendant's conduct given the two years of correspondence between the Parties regarding the valuation of Ms. Stoole's UIM claim. *See* [#40 at 18–19]. The court again finds Defendant has failed to carry its burden on summary judgment for purposes of Plaintiff's statutory bad faith claim. *See Meadows v. Elec. Ins. Co.*, No. 15-cv-02524-MEH, 2016 WL 7868824, at *9-10 (D. Colo. June 30, 2016) (holding that it was for the jury to decide whether the defendant's conduct violated provisions of the UCSPA); *accord Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012) ("What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury.").

---

[1] I note, however, that a review of the four pages of Ms. Stoole's deposition Defendant provided at summary judgment do not necessarily support MetLife's position that Ms. Stoole could not testify to any unreasonableness. Ms. Stoole confirmed that she was alleging that MetLife acted unreasonably in withholding UIM payments, and merely indicated that she did not know how much in additional payments would compensate her. *See* [#32-10 at 91:25–92:18].

5

## CONCLUSION

For the reasons stated herein, the court **DENIES** Defendant's Motion [#49].

DATED: October 10, 2018

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge